UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARLON RAMOS and CRYSTAL RAMOS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FCA LLC, a Delaware Limited Liability Company; AUTONATION CHRYSLER DODGE JEEP RAM ROSEVILLE, a Business Organization Form Unknown; and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | No. 2:19-CV-02620 WBC CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiffs Marlon and Crystal Ramos bring this action against defendants FCA US LLC ("FCA"), AutoNation Chrysler Dodge Jeep Ram Roseville ("AutoNation"), and Does 1 through 10, alleging that defendants sold plaintiffs a defective vehicle in violation of the Song-Beverly Consumer Warranty Act (the "Act"). Before the court is plaintiffs' Motion to Remand. (Docket No. 10.)

1

I. Relevant Allegations and Procedural Background

Plaintiffs are citizens of California. (Notice of Removal at 6 (Docket No. 1).) In 2018, plaintiffs purchased a new Jeep Grand Cherokee from defendant AutoNation. (Compl. ¶ 7 (Docket No. 1-4).) The purchase included defendants' express warranty under which AutoNation and FCA US undertook to preserve or maintain the utility of performance of the vehicle. (Compl. ¶ 8.) Defendants delivered the vehicle with "serious defects and nonconformities to warranty" including "various engine defects," which impaired the use, value, and safety of the vehicle. (Compl. ¶¶ 9, 17.) Plaintiffs delivered the vehicle to authorized FCA US LLC repair facilities for repair of the nonconformities on multiple occasions, but defendants were unable to conform the vehicle to the warranties. (Compl. ¶¶ 18, 19.)

Plaintiffs filed suit in state court alleging only a violation of the Song-Beverly Consumer Warranty Act. (Notice of Removal Ex. B. (Docket No. 1-4).) Defendants subsequently removed the action to federal court under diversity jurisdiction. (Notice of Removal (Docket No. 1).) Defendants acknowledge that AutoNation is a citizen of California, such that its involvement in this action would destroy complete diversity, but take the position that the joinder of AutoNation was fraudulent and therefore does not defeat diversity. (Notice of Removal at 6-7.)

II. Discussion

A. Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441. Original jurisdiction in the

form of diversity jurisdiction exists where there is complete diversity and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).

Defendants argue that AutoNation was fraudulently joined because plaintiffs cannot establish a cause of action against AutoNation. (Docket No. 18 at 11-12.) To establish fraudulent joinder, defendants must therefore show that AutoNation "cannot be liable on any theory." Id. (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). The failure to state a cause of action must be "obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Grancare, 889 F.3d at 549 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)); see also Madison v. Ford Motor Co., No. 2:19-CV-00853 WBS DB, 2019 WL 3562386, at *2 (E.D. Cal. Aug. 6, 2019). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" Grancare, 889 F.3d at 550 (quoting Hunter, 582 F.3d at 1046). Accordingly, the court now considers whether the complaint

3

possibly pleads a cause of action against AutoNation.

The Song-Beverly Consumer Warranty Act ("Song-Beverly Act") protects purchasers of "consumer goods," defined as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." Cal. Civ. Code § 1791(a). Plaintiffs allege both a breach of express warranty <u>and</u> a breach of implied warranty of merchantability under the Act. Possible liability under either of these theories suffices to establish that joinder was not fraudulent. See Grancare, 889 F.3d at 548-49.

Unless disclaimed by the Act, "every sale of consumer goods that are sold at retail" in California is "accompanied by the manufacturer's <u>and the retail seller's</u> implied warranty that the goods are merchantable." Cal. Civ. Code § 1792 (emphasis added). Under the Act, an implied warranty of merchantability guarantees that "consumer goods meet each of the following: (1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; (3) Are adequately contained, packaged, and labeled; (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1(a).

Plaintiff alleges that AutoNation sold plaintiff the vehicle at issue. (Compl. ¶ 7.) When delivered, the vehicle allegedly had "various engine defects" that impaired the use and safety of the car. (Compl. ¶¶ 9, 17.) Defendants have not replaced the vehicle and have not remedied the defects. (Compl. ¶¶ 21, 22.) "Vehicles subject to engine failure cannot be said

4

to be merchantable." Cholakyan v. Mercedez-Benz USA, LLC, 796 F. Supp. 2d 1220, 1244 (C.D. Cal. 2011). The allegations plausibly establish that AutoNation breached the "retail seller's implied warranty that the goods are merchantable," Cal. Civ. Code § 1792, because the alleged defects impaired the use of the car and consequently made the vehicle not "fit for driving," see Cholakyan, 796 F. Supp. 2d at 1241. Accordingly, there is at least a possibility that plaintiffs state a claim against AutoNation for breach of implied warranty of merchantability.

Defendant argues that the complaint does not specifically state that AutoNation was unable to repair the vehicle. While such a deficiency, if it exists, is relevant to plaintiffs' breach of express warranty claim, see Orichian v. BMW of North America, LLC, 226 Cal.App.4th 1322, at 1333-1334 (2014) (requiring allegations of seller's failure to repair defect), it is not relevant to plaintiff's claim for breach of implied warranty of merchantability, see Cholakyan, 796 F. Supp. 2d at 1241-44. Defendant has therefore failed to show that AutoNation "cannot be liable on any theory." See Grancare, 889 F. 3d at 548. Because there is a possibility that plaintiffs state a claim against AutoNation, plaintiffs' joinder of AutoNation was not fraudulent.[1] Accordingly, considering that both AutoNation

---

[1] Aside from allegations of a deficient complaint, defendants contend that plaintiffs' joinder of AutoNation is fraudulent because plaintiff seeks the same remedies from both defendants and because FCA may indemnify AutoNation. (Opp. to Mot. to Remand at 9.) Neither of these arguments go to the possibility of the complaint stating a cause of action and therefore are not reasons for the court to find fraud.

Further, although defendants moved to compel arbitration (Docket No. 20), the court must still remand this

and plaintiffs are citizens of California, the parties are not completely diverse, and this court does not have original jurisdiction over the action. The court will therefore remand this action.

B. Dismissal of AutoNation under Rule 21

A court "may cure jurisdictional defects by dismissing dispensable nondiverse parties under Federal Rule of Civil Procedure 21." Madison, 2019 WL 3562386, at *4 (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989)). Defendants ask the court to exercise its discretion under Rule 21 and drop AutoNation as a party to preserve complete diversity. (Opp. to Mot. to Remand at 14.)

The court declined to exercise that discretion under nearly identical circumstances in Madison v. Ford Motor Co., No. 2:19-CV-00853 WBS DB, 2019 WL 3562386 (E.D. Cal. Aug. 6, 2019). In Madison, plaintiffs sued defendants Ford Motor Company and its in-state representative Elk Grove Ford in state court alleging various state law claims arising from the sale of a vehicle. Id. at *1. Defendants removed the action under diversity jurisdiction and argued that Elk Grove Ford was fraudulently joined. Id. at *2. This court found that plaintiffs' joinder was not fraudulent. Id. at *4. Defendants then asked the court

---

action. A court can compel arbitration under the Federal Arbitration Act (FAA) "only when the federal district court would have jurisdiction over a suit on the underlying dispute." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983). The FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." Id. Accordingly, absent "an independent basis for federal jurisdiction," the court cannot enforce the FAA. Id.

6

to sever Elk Grove Ford under Rule 21.  Id.  This court declined to do so because severance "would defeat the purpose of permissive joinder" -- convenience and efficiency -- and because accepting defendants' argument would constitute "an improper end-run around [the court's] rejection of the fraudulent misjoinder doctrine."  Id. at *4 (quoting Hampton v. Insys Therapeutics, Inc., 319 F. Supp. 3d 1204, 1214 (D. Nev. 2018)).

For the same reasons, the court declines to sever AutoNation.  Here, "the claims against both defendants are sufficiently intertwined, factually and legally, such that severance would be inconvenient and inefficient."  See Madison, 2019 WL 3562386, at *4.  Accordingly, the court declines to exercise its discretion under Rule 21.

C.   Attorney's Fees

Plaintiffs request an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  (Mot. to Remand at 7.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The standard for awarding fees turns on the "reasonableness of the attempted removal."  See Moore v. Permanente Med. Grp., 981 F.2d 443, 446–47 (9th Cir. 1992).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  "The objective reasonableness of removal is measured at the time of

7

removal." Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc., No. CIV. 1:19-00404-LJO-SKO, 2019 WL 3337891, at *6 (E.D. Cal. July 25, 2019) (quoting Pope v. Wells Fargo Bank, N.A., No. CIV. 2:10-2807-WBS-KJM, 2010 WL 8388301, at *5 (E.D. Cal. Nov. 29, 2010).

At the time of removal, there was no objectively reasonable basis for defendants to seek removal. The law was clear that defendants had to show that plaintiffs "fail[ed] to state a cause of action against [AutoNation], and [that] the failure [was] obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)); see also Grancare, 889 F.3d 543, 552 ("[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable.") Defendants did not have reason to believe the alleged failure was "obvious." Defendants do not offer any authority suggesting that similar allegations of a sale of a defective vehicle were insufficient to state a claim under the Song-Beverly Act. Cf. Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007) (finding case law supporting removal to suggest that removal was not "objectively unreasonable"). Further, as discussed above, this court and other California district courts have rejected the fraudulent-defendant removal strategy in very similar circumstances over and over again. See Madison, 2019 WL 3562386, at *4; Wittinger v. Ford Motor Co., No. 2:18-CV-03214-WBS-EFB, 2019 WL 1993983, at *2 (E.D. Cal. May 6, 2019) (remanding and granting attorney's fees); Cavale v. Ford

8

Motor Co., No. 1:18-CV-00680-LJO-BAM, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); Levine v. Ford Motor Co., No. 2:18-CV-09995-SVW-JEM, 2019 WL 990437, at *1 n.1 (C.D. Cal. Feb. 28, 2019) (collecting cases).

Moreover, defendants do not satisfy the objective reasonability standard because a majority of defendants' reasoning relies on matters unrelated to plaintiffs' complaint. For example, in its notice of removal, defendants state that it is FCA's "belie[f] [that] Plaintiffs have no intention of prosecuting" their claim against AutoNation (Notice of Removal ¶ 26) and that "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued" (Id. at ¶ 27). Both arguments constitute FCA counsel's subjective appreciation of the circumstances and do not satisfy the objective reasonability standard. The court will therefore order payment to plaintiffs of attorney's fees associated with defendants' removal.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 10) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that plaintiffs' request for an award of attorneys' fees and expenses is GRANTED in the sum of $3,420.00; and

This action is HEREBY REMANDED to the Superior Court of the State of California, in and for the County of Placer.

Dated: February 19, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9